**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL CELENTANO,**

    **Plaintiff,**

v.    Case No.: 8:15-cv-1461-T-30AAS

**CHRIS NOCCO, as duly elected Sheriff of**
**Pasco County, Florida,**

    **Defendant.**
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Revisit Order on Defendant's Motion for Protective Order (Doc. 39), and Defendant's Opposition to Plaintiff's Motion (Doc. 42).

### I. BACKGROUND

On June 22, 2015, Plaintiff filed this action against Chris Nocco, in his official capacity as Pasco County Sheriff, asserting claims of retaliation under Florida's Workers' Compensation Law; disability discrimination under the Americans with Disabilities Act, as amended ("ADA"); retaliation under the ADA; disability discrimination under the Florida Civil Rights Act of 1992, as amended ("FCRA"); retaliation under the FCRA; and age discrimination under the Age Discrimination in Employment Act, as amended. (Doc. 1). Essentially, Plaintiff alleges that the Pasco County Sheriff's Office did not reassign him to an appropriate position after being informed that he could no longer perform his duties due to a knee injury. Plaintiff further alleges he was wrongfully terminated in retaliation for filing a workers' compensation claim and a charge of discrimination with the United States Equal Employment Opportunity Commission. (Doc. 1).

1

On June 3, 2016, Plaintiff sent a Notice of Taking Deposition to Defendant, commanding Sheriff Nocco's appearance at a deposition. (Doc. 25). In response, Defendant filed a Motion for Protective Order to preclude the deposition of Sheriff Nocco, arguing that Sheriff Nocco does not possess unique personal knowledge of the facts in this case. (Doc. 23). On June 21, 2016, on the Court entered an order granting Defendant's Motion for Protective Order and leaving open the possibility of revising the issue, if appropriate, following depositions of other witnesses. (Doc. 26).

On August 23, 2016, Plaintiff filed a Motion for Reconsideration of the Court's June 21st Order granting Defendant's Motion for Protective Order. (Doc. 39). Plaintiff argues that the deposition testimony of Major John Corbin, the Bureau Chief of the Sheriff's Office's Law Enforcement Bureau, confirms that Sheriff Nocco indeed has unique personal knowledge regarding the termination of Plaintiff's employment. (Doc. 39). On September 6, 2016, Defendant filed a Response in Opposition to Plaintiff's Motion. (Doc. 42). Accordingly, this matter is ripe for judicial review.

## II.    ANALYSIS

Under Rule 26(b) of the Federal Rules of Civil Procedure, parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … " While this is generally construed broadly to include all matters that bear on, or could lead to another matter that bears on, any issue in a case, there are limits concerning the scope of discovery. *Auto-Owners Ins. Co. v. Southeast Floating Docks,* Inc., 231 F.R.D. 426, 430 (M.D. Fla. 2005). This is especially true in light of the December 2015 amendments to Rule 26. To limit the scope of discovery, the Court may enter a protective order under Rule 26(c)(1)(A) to forbid the disclosure or discovery.

Courts have stated that under Rule 26(c)(1), a protective order may be issued if the movant shows "good cause." *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989). This standard requires the movant to "make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Dunford v. Rolly Marine Service Co.,* 233 F.R.D. 635, 636 (S.D. Fla. 2005). In deciding whether a movant has established "good cause" to warrant the granting of a protective order, courts must balance the respondent's interest in obtaining discovery against the movant's stated harm that would result from allowing the deposition. *Baratta v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D. Fla. 2007).

While protective orders prohibiting depositions are not typically granted, "courts generally restrict parties from deposing high ranking officials lacking personal knowledge of the issues being litigated because they are 'vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Gray v. Kohl,* No. 07-10024-CIV, 2008 WL 1803643, at *1 (S.D. Fla. April 21, 2008), quoting *Simon v. Pronational Ins. Co.,* No. 07-60757-CIV, 2007 WL 4893478, at *1 (S.D. Fla. Dec. 17, 2008). Generally speaking, it is the Court's position that high ranking officials, such as Sheriffs, are entitled to this heightened protection from depositions as they otherwise are likely to be subjected to numerous depositions concerning issues of which they lack any personal knowledge. The question, then, is whether Sheriff Nocco lacks personal knowledge of pertinent facts such that there is good cause to proscribe his deposition with a protective order or by other means available. *See Gray,* 2008 WL 1803643, at *1. This heightened protection afforded to high ranking officials, such as Sheriffs, coupled with an insufficient showing that Sheriff Nocco had any personal knowledge over and

3

above other Sheriff's Office employees who remained to be deposed was the basis for the Court's June 21st Order protecting Sheriff Nocco from being deposed at that time.

Upon a very careful review of the entire transcript of deposition of Major Corbin, which took place on July 28, 2016, the Court concludes that Sheriff Nocco may indeed possess unique personal knowledge of the facts and issues being litigated.[1] Major Corbin repeatedly testified that Sheriff Nocco was the final decision maker with respect to the decision to terminate Plaintiff's employment with the Department and deny his grievance appeals. (Doc. 41-1, pp. 27-29, 48-49, 67, 106, 125, 136). By way of example, at one point during the deposition, Major Corbin specifically stated: "In cases of formal discipline or termination, the final decision is made by the sheriff." Although Sheriff Nocco's decision to terminate Plaintiff's employment was made after recommendation from his staff, Major Corbin testified that Sheriff Nocco was not bound by any recommendations made to him. (Doc. 41-1, pp. 29, 105, 136). Indeed, there had been previous occasions where Sheriff Nocco had not followed said recommendations. (Doc. 41-1, pp. 125-26). This testimony is consistent with Defendant's prior interrogatory response stating that "Sheriff Chris Nocco made the decision to terminate Plaintiff's employment in accordance with the Sheriff's Office General Order 22.3, Conditions of Employment/Appointment." (Doc. 39, p. 10).

While there is no *per se* rule prohibiting depositions of high ranking officials, courts (just as this Court in its June 21st Order) frequently restrict such efforts where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case. *See Simon v. Pronational Ins. Co.,* No. 07-60757-CIV, 2007 WL 4893478, at *1 (S.D. Fla. Dec.

---

[1] On August 30, 2016, the Court ordered that the entire transcript of Major Corbin's deposition be filed with the Court. (Doc. 40). Said transcript was filed on August 31, 2016. (Doc. 41).

13, 2007). Here, based on the July 28th deposition testimony of Major Corbin, the likelihood that Sheriff Nocco may have unique personal knowledge concerning the matters into which Plaintiff is entitled to inquire prevents this Court from finding good cause to continue precluding Sheriff Nocco's deposition.

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Plaintiff's Motion to Revisit Order on Defendant's Motion for Protective Order (Doc. 23) is **GRANTED,** the protective order entered on June 21, 2016 (Doc. 26) is lifted and the deposition of Sheriff Chris Nocco is no longer precluded.

**DONE AND ORDERED** in Tampa, Florida on this 16th day of September, 2016.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge